UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LEON HENRY CARTER, III,

      Petitioner,

v.

JOHN KING, Warden, State Prison,
Stillwater, Minnesota,

      Respondent.

Civil No. 08-2202 (JMR/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.[1] (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

**I. BACKGROUND**

In 1995, a Minnesota state court jury found Petitioner guilty of two counts of second degree murder. He was sentenced to 480 months in prison, and he is presently serving

---

[1] The introductory paragraph of the application indicates that Petitioner is seeking a writ of habeas corpus "pursuant to 28 U.S.C. 2241 to 2254." However, the only way that a state prisoner can seek federal habeas corpus review of a state criminal conviction is to file a petition under 28 U.S.C. § 2254. Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). Because Petitioner is presently challenging a judgment entered against him in a state criminal case, his current petition <u>must be</u> construed as a § 2254 petition.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

...

his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

Petitioner's conviction and sentence were affirmed on direct appeal on September 3, 1996. State v. Carter, No. C6-96-51 (Minn.App. 1996), 1996 WL 495027 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on October 29, 1996. (Id.)

In December 1996, Petitioner filed a habeas corpus petition here in the United States District Court for the District of Minnesota. Carter v. Adair, Civil No. 96-372 (JMR/FLN) ["Carter I"]. Carter I was assigned to this Court for a Report and Recommendation, ("R&R"), and it was recommended that the case be dismissed. Petitioner filed objections to the R&R, but the District Court Judge overruled those objections, adopted the R&R, and dismissed Petitioner's habeas corpus petition with prejudice. (Carter I, Order dated November 12, 1997; [Docket No. 13].) Petitioner tried to appeal the final dismissal of his habeas corpus petition in Carter I, but his appeal was dismissed by the Eighth Circuit Court of Appeals on June 8, 1998. (Carter I, [Docket No. 17].)

After Petitioner failed in his first application for federal habeas corpus relief, he returned to the Minnesota state courts, and brought new challenges to his 1995 murder convictions. See Carter v. State, No. C4-00-1849 (Minn.App. 2001), 2001 WL 682790 (unpublished opinion); Carter v. Dingle, No. A05-977 (Minn.App. 2006), 2006 WL 771884 (unpublished opinion).[3]

---

[3] Petitioner's "Appendix," which is attached to his current petition, shows that he just recently completed another unsuccessful state court collateral challenge to his 1995 murder convictions.

On June 12, 2008, Petitioner commenced the present action by filing his second habeas corpus petition in this District. Petitioner is once again seeking a writ of habeas corpus that would set aside his 1995 state court murder conviction and sentence. He claims that

> "the convictions and sentences under which he is imprisoned are unlawful and void because of multiple violations of his rights to due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States, [and] these violations are not mere irregularities, but major constitutional violations which cast significant doubt on the fairness of his trial and more importantly, call into question the *reliability* of the juries [sic] verdicts."

(Petition, p. 1, ¶ 5.) However, Petitioner's current habeas corpus claims cannot be addressed on the merits, because the Court does not have jurisdiction in this matter.

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), effected several significant changes to the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive habeas corpus petitions.[4] Under these new rules, a district court cannot entertain a second

---

[4] 28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
 **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
 **(B)(i)** the factual predicate for the claim could not have been

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained pre-approval from the apposite federal Circuit Court of Appeals. The Court of Appeals must grant the prisoner a pre-authorization order, which expressly allows him to file another petition. 28 U.S.C. § 2244(b)(3)(A).  See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

---

discovered previously through the exercise of due diligence; and
 **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Petitioner's current habeas corpus petition is his second application for federal habeas corpus review of his 1995 Minnesota state court convictions. Because the first such application, (Carter I), was dismissed with prejudice, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). Therefore, the present action cannot be entertained without a pre-authorization order from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained a pre-authorization order, his current petition must be dismissed for lack of jurisdiction. Burton v. Stewart, 127 S.Ct. 793, 796 (2007) (where a state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge..., [and] [b]ecause he did not do so, the District Court was without jurisdiction to entertain it"). See also Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

Even if Petitioner's current claims were not raised in his first federal habeas petition, and even if his failure to raise such claims in the prior petition is somehow excusable, he still cannot file a second or successive habeas petition without pre-authorization from the Court of Appeals. Section 2244(b) clearly provides that the United States District Court for the District of Minnesota cannot entertain any claim presented in a new habeas corpus petition filed by Petitioner, unless the Eighth Circuit Court of Appeals has granted him permission to file another petition.

## III.  CONCLUSION

In sum, Petitioner's current habeas corpus petition is a second or successive petition, which must be dismissed for lack of jurisdiction, because the Court of Appeals has

not granted him permission to file it. The Court will recommend that this action be dismissed without prejudice, so that Petitioner can re-submit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals, as required by § 2244(b)(3)(A).[5] Petitioner should carefully note, however, that <u>the Minnesota District Court will not entertain any future habeas corpus petition pertaining to his 1995 state criminal convictions and sentences, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals</u>.[6]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. <u>See</u> e.g., <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

[6] Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

and

    2. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction.

Dated: June 17 , 2008

                                                  s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 7, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.